UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAHUL SHAH, M.D., *assignee of Monica M.*,<br><br>    Plaintiff,<br><br>    v.<br><br>HORIZON BLUE CROSS BLUE SHIELD OF MASSACHUSETTS,<br><br>    Defendant. | HONORABLE NOEL L. HILLMAN<br><br>CIVIL ACTION NO. 16-5946<br><br>**OPINION** |

**APPEARANCES:**

CALLAGY LAW, P.C.
By: Michael Gottlieb, Esq.
650 From Road, Suite 565
Paramus, New Jersey 07652
    Counsel for Plaintiff

BECKER LLC
By: Michael E. Holzapfel, Esq.
Revmont Park North
1151 Broad Street, Suite 112
Shrewsbury, New Jersey 07702
    Counsel for Defendant Horizon Blue Cross Blue Shield of Massachusetts

**HILLMAN**, United States District Judge:

    This is one of many ERISA suits[1] filed by Plaintiff Dr. Rahul Shah, as purported assignee of his individual patients,

---

[1] The Court has federal question subject matter jurisdiction pursuant 28 U.S.C. § 1331, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

against his patients' various insurance companies. In each suit, Dr. Shah asserts that the insurance companies wrongfully denied requests for payment of benefits under the patients' health insurance policies, and consequently, Dr. Shah's bills for services were not paid, or not fully paid.

Presently before the Court is Defendant's Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons stated herein, the motion will be granted in part, denied in part, and denied as moot in part.

## I.

On October 28, 2013, Dr. Shah allegedly performed surgery on Monica M. (Compl. ¶ 5-6; and Ex. A) He alleges all services were medically necessary and reasonable (Id. at ¶ 5), yet Monica M.'s health insurance company, Defendant Horizon Blue Cross Blue Shield of Massachusetts, allegedly denied the claim. (Compl. ¶ 8)

Dr. Shah alleges that he obtained an assignment of benefits from Monica M. (Compl. ¶ 7 and Ex. B) The Complaint asserts four claims: breach of contract; denial of benefits in violation of § 1132(a)(1)(B); breach of fiduciary duty in violation of § 1132(a)(3)(B); and failure to maintain a reasonable claims process pursuant to 29 C.F.R. 2560.503-1.

## II.

When considering a motion to dismiss a complaint for

failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. *Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim. *Bogosian v. Gulf Oil Corp.*, 562 F.2d 434, 446 (3d Cir. 1977).  However, "the Federal Rules of Civil Procedure . . . do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation omitted).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" *Bell Atlantic v. Twombly*, 550 U.S. 544, 563 n.8 (2007) (quoting *Scheuer v. Rhoades*, 416 U.S. 232, 236 (1974)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009)("Our decision in *Twombly* expounded the pleading standard for 'all civil actions'

3

. . . ."); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)("*Iqbal* . . . provides the final nail in the coffin for the 'no set of facts' standard that applied to federal complaints before *Twombly*.").

**III.**

Defendant asserts the following arguments: (1) Dr. Shah lacks standing because the applicable ERISA plan contains an anti-assignment clause; (2) the suit is barred by the Plan's limitations period; (3) the breach of contract claim (Count One) is preempted by ERISA; and (4) Count Four, violation of 29 C.F.R. 2560.503-1, fails to state a claim. The Court addresses each argument in turn.

**1. Defendant's standing argument is not ripe for decision on a motion to dismiss.**

In opposition to Defendant's Motion to Dismiss, Dr. Shah argues that Defendant waived the enforceability of the anti-assignment clause through its course of dealing with Dr. Shah. This defense implicates facts outside the pleadings and cannot be decided on a motion to dismiss. *Atl. Orthopaedic Assocs., LLC v. Blue Cross & Blue Shield of Tex.*, 2016 U.S. Dist. LEXIS 29360 at *12 (D.N.J. Mar. 7, 2016)(declining to rule, on a Motion to Dismiss, that an anti-assignment clause was or was not waived by a course of dealing, explaining that the issue may be "explored further in discovery" and decided on "a far more

4

complete record."). Accordingly, Defendant's Motion to Dismiss on the basis of Dr. Shah's asserted lack of standing will be denied.

**2. Defendant's limitations period argument is also not ripe for a decision on a motion to dismiss.**

Similarly, Defendant's argument that this suit is untimely implicates matters outside the pleadings, such as whether Defendant failed to inform Dr. Shah (or his patient) of the plan-imposed deadline for judicial review. Thus, Defendant's timeliness defense is more appropriately addressed at summary judgment. *Shah v. Horizon Blue Cross Blue Shield*, 2017 U.S. Dist. LEXIS 23885 at *6-7 (D.N.J. Feb. 21, 2017).

**3. Count One (the breach of contract claim) will be dismissed.**

In his opposition brief, Dr. Shah states "Plaintiff agrees to voluntarily dismiss [the breach of contract count]." (Opposition Brief, p. 3) The Court will dismiss this claim pursuant to Fed. R. Civ. P. 41(a), and the Motion to Dismiss Count One will be denied as moot.

**4. Count Four (violation of 29 C.F.R. 2560.503-1) will be dismissed.**

"29 C.F.R. 2560.503-1 does not give rise to a private right of action." *Rahul Shah on assignment from Marjorie M. v. Horizon Blue Cross Blue Shield of New Jersey*, 2016 U.S. Dist. LEXIS 113556 at *31-34 (D.N.J. Aug. 25, 2016) (collecting authorities); *see also Shah v. Horizon Blue Cross Blue Shield*,

5

2017 U.S. Dist. LEXIS 23885 at *6 (D.N.J. Feb. 21, 2017). Accordingly, Defendant's Motion to Dismiss Count Four will be granted.

**IV.**

For the reasons set forth above, Count One of the Complaint will be dismissed pursuant to Fed. R. Civ. P. 41(a), and the Motion to Dismiss Count One will be denied as moot. Additionally, the Motion to Dismiss will be granted as to Count Four, and denied in all other respects. An appropriate Order accompanies this Opinion.

Dated: May 4, 2017  
At Camden, New Jersey                    ___s/ Noel L. Hillman____  
                                         **Noel L. Hillman, U.S.D.J.**